IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO.:   4:19-CR-00576 |
| PLAINTIFF ) | |
| ) | JUDGE PATRICIA A. GAUGHAN |
| V. ) | |
| ) | **APPEAL FROM AND OBJECTONS** |
| JAMES REARDON, ) | **TO MAGISTRATE JUDGE'S** |
| ) | **ORDER OF DETENTION** |
| DEFENDANT ) | |

Now comes the defendant, James Reardon, by and through the undersigned counsel, and pursuant to Crim. R. 59, and LcrR. 5.3, and hereby appeals from and objects to the Magistrate Judge's Order of Detention Entered in 4:19-mj-06165-GJL on September 12, 2019. (See Order of Detention, September 12, 2019, ECF No. 16).

For cause, the Magistrate Judge's finding that the evidence elicited at the detention hearing established by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if the Defendant is released is factually erroneous. The Magistrate Judge's finding that the factors set forth in 18 U.S.C. 3142G warrant a finding in favor of detention is also erroneous. Moreover, pretrial release should only be denied in "rare circumstances." *United States v. Sanchez-Martinez,* 2013 WL 3662871 (D. Col. 2013); *United States v. Dany,* 2013 WL 4119425 (N.D. Cal. 2013) incorporates the attached memorandum in support of his position.

1

Based on the foregoing, and the attached memorandum, Defendant respectfully requests that this Court overturn the Magistrate Judge's Order of detention, and Order the immediate release of Defendant with conditions as set forth by Pretrial Release.

| | |
|---|---|
| Respectfully Submitted, | Respectfully Submitted, |
| */s/ Edward Czopur* | */s/ Ross Smith* |
| **Edward A. Czopur (0083314)** | **Ross T. Smith (0079786)** |
| Co-Counsel for Defendant | Co-Counsel for Defendant |
| DeGenova & Yarwood, Ltd. | Huntington Bank Building |
| 42 North Phelps St. | 26 South Market St., Suite 610 |
| Youngstown, OH 44503 | Youngstown, OH 44503 |
| Telephone: 330-743-4116 | Telephone: 330-261-1793 |
| Facsimile: 330-743-2536 | Facsimile: 800-910-6030 |
| Email: Eddie640@aol.com | Email: ross@rosssmithlaw.com |

## **MEMORANDUM**

At the time of the detention hearing, Defendant was charged, by way of criminal complaint, with one count of Transmitting a Threatening Interstate Communication, an alleged violation of § 18 U.S.C. 875(c). (See Complaint, ECF No. 1). Since that time, Defendant has been indicted on that same charge, together with a second count of Possession of a Firearm in Furtherance of a Crime of Violence, an alleged violation of 18 U.S.C. § 924(c)(1)(a)(i). (See Indictment, ECF No. 20). Necessarily, the government can only convict on count two if it first convicts on count one. Should Defendant be convicted, he would face up to five (5) years on count one, and an additional mandatory sentence of five (5) years on count two. Further, the sentence in count two would be statutorily consecutive to any sentence given in count one.

The investigation in this matter began when the FBI was contacted by local law enforcement in New Middletown, Ohio on August 16, 2019. Through that contact the FBI learned of a video, allegedly, posted by Defendant on the social media platform Instagram, at least one month prior. The video purports to show Defendant holding and firing a gun. At the beginning of the video Defendant utters a phrase which the government first believed to be "f*** a life." Upon further review, the FBI admitted that this was not what is heard at the beginning of the video. Rather, the FBI admitted that the phrase is actually in German, and loosely translates to "I need a radio operator." (Detention Hearing Transcript at 7, 24). The FBI further discovered that the video had been edited to add in the sound of people screaming together with emergency sirens heard in the background that were not a part of the original video. (Id at 23).

Following the editing, which the government acknowledges Defendant did not do, the government alleges that Defendant posted the video to *Instagram* with a caption indicating that the Youngstown Jewish Community Center Shooter has been identified as local white nationalist Sheamus

3

O'Reardon. The government further claims that this is a Gaelic rendition of Defendant's name.

After receiving this information the FBI was next alerted to a *National Geographic* documentary concerning the Unite the Right rally which had taken place approximately two (2) years earlier. In that documentary Defendant appears in an interview discussing his, then, political beliefs that a white ethno state should be created. The government discussed this matter at length during the detention hearing in an attempt to use Defendant's past political views as a reason to detain him. To that end, the government introduced photos of Defendant at the rally wherein he is seen holding an, allegedly, Neo-Nazi shield, and a collapsible baton.

Defendant was subsequently charged with various misdemeanor offenses under state law, which have since been dismissed. Acting on those charges, and the information above, the FBI arrested Defendant without issue. Defendant waived his *Miranda* rights and did interview with the FBI. During that interview Defendant indicated that the video was a spoof, and was for humor purposes.

A subsequent search of Defendant's home revealed a couple of World War Two-era guns, a knife, and various historical posters and paraphernalia which included, among many other historical things and themes, German and Nazi items. There was no indication that any of the firearms were purchased illegally. Further, the FBI admitted that it was not only German paraphernalia that was found in the home. Rather, various American flags and Irish flags were also present.

With the above in mind, there was no evidence presented at the detention hearing that Defendant had taken any steps to conduct a shooting of anyone or of any kind. Rather, the exact opposite was revealed. The Pretrial Release report evinced that Defendant had no prior criminal history. Further, the report included that Defendant was not a threat, would return to court as required, and should be released with fairly minimal conditions.

Likewise, Defendant's mother and father each testified that Defendant was a normal son with no

violent tendencies that they had ever witnessed. Further, that he was an Eagle Scout and extremely interested in studying history. Finally, that once Defendant got to the Unite the Right rally he was scared, and his beliefs changed following that event.

The Magistrate Judge also heard from Logan Stewart, a friend of Defendant's who actually edited in the sound effects to the subject video. He testified that the raw video had been recorded approximately eighteen (18) months before it was posted online. Further, that it was shot at a police shooting range nowhere near the Youngstown Jewish Community Center as the government alleged. Finally, that he did not consider the video nor Defendant to be threatening, and the video was not meant to be a threat.

The Magistrate Judge clearly erred in ordering detention based on the evidence presented. First, the Magistrate Judge did not give proper weight to Defendant's lack of a criminal record, or his exemplary record in the Scouts and school. Moreover, the Magistrate Judge did not give proper weight to the Pretrial Release report indicating a belief that Defendant would not be a threat and should be released with limited conditions, especially when coupled with Defendant's mother's willingness to provide housing for and comply with said conditions. Finally, the Magistrate Judge relied far too strongly on Defendant's participation in the Unite the Right rally approximately two (2) years prior and, in so doing, held Defendant's unpopular and perhaps political views at that time against him. Put simply, there was no threat and the FBI admitted the same when Special Agent Donnelly stated that "We know it [the event referenced in the video] is fictional." (Id at 18).

Pretrial detention is authorized "only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996) (quoting *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986) and citing *United States v. Byrd*, 969 F.2d 106 (5th Cir.

1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988)). None of these factors is supported by the record. The Magistrate Judge did not find, and there is no evidence that Defendant would flee. The Magistrate Judge did not find, and there is no evidence that Defendant would obstruct in any way. In fact, he surrendered without incident and voluntarily spoke with authorities without counsel. Finally, Despite the Magistrate Judge's opinion, there is no threat to the community based on the evidence presented at the hearing, and Mr. Reardon's entire past has been free of criminal activity. With all of the above, viewed in light of the strong presumption in favor of pretrial release, Defendant respectfully requests that this Court overturn the Magistrate Judge's Order of Detention and order Defendant's release with conditions.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| */s/ Edward Czopur* | */s/ Ross Smith* |
| **Edward A. Czopur (0083314)** | **Ross T. Smith (0079786)** |
| Co-Counsel for Defendant | Co-Counsel for Defendant |
| DeGenova & Yarwood, Ltd. | Huntington Bank Building |
| 42 North Phelps St. | 26 South Market St., Suite 610 |
| Youngstown, OH 44503 | Youngstown, OH 44503 |
| Telephone:   330-743-4116 | Telephone:   330-261-1793 |
| Facsimile:   330-743-2536 | Facsimile:   800-910-6030 |
| Email:   Eddie640@aol.com | Email:   ross@rosssmithlaw.com |

## **CERTIFICATE OF SERVICE**

      It is hereby certified that on October 11, 2019, a copy of foregoing Appeal from and Objections to Magistrate Judge's Order of Detention was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's system.

      /s/ Ross T. Smith (0079786)
Co-Counsel for Defendant

      /s/ Edward A. Czopur (0083314)
Co-Counsel for Defendant