IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:19-CR-00576 |
| Plaintiff | ) | |
| | ) | JUDGE: PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | <u>MOTION IN LIMINE RELATIVE</u> |
| JAMES REARDON | ) | <u>TO OTHER WEAPONS</u> |
| | ) | |
| Defendant | ) | |

Now comes the defendant, James Reardon, by and through the undersigned counsel, and hereby moves this Honorable Court for an Order in limine preventing the government from introducing at the trial of this matter any evidence of possession of firearms and/or other weapons, other than the firearm seen in the subject video.

For cause, a trial court to prohibit the introduction of evidence if "...its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. Because introducing evidence of Defendant's possession/ownership of any firearm or other weapon, other than that seen in the subject video, would trigger a number of these factors, this Court must prohibit the government from introducing the same. The attached memorandum further supports Defendant's position.

Based on the foregoing, and the attached memorandum, Defendant respectfully requests that this Court issue an Order in limine prohibiting the government from introducing any evidence of Defendant's possession/ownership of any firearm or other weapon, other than that seen the in subject

1

video.

Respectfully Submitted,

/s/ Edward A. Czopur
Edward A. Czopur (0083314)
DeGenova & Yarood, Ltd.
42 North Phelps St.
Youngstown, OH 44503
Tele:   330-743-4116
Fax:    330-743-2536
Email: Eddie640@aol.com
Co-Counsel for Defendant

Respectfully Submitted,

/s/ Ross T. Smith
Ross T. Smith (0079786)
Huntington Bank Bldg.
26 South Market St., Suite 610
Youngstown, OH 44503
Tele:   330-261-1793
Fax:    800-910-6030
Email: ross@rosssmithlaw.com
Co-Counsel for Defendant

**MEMORANDUM**

I.     **FACTS**

    This matter presents a charge of Transmitting Threatening Communications via Interstate Commerce, an alleged violation of 18 U.S.C. § 875(c), together with a charge of Possession of a Firearm in Furtherance of a Crime of Violence, an alleged violation of 18 U.S.C. § 924(c). More specifically, the government was made aware of a video that it purports was made and posted by Defendant to on the social media network *Instagram*. In that video, Defendant is allegedly seen shooting a firearm after uttering a phrase in German, which loosely translates to "I need a radio operator." This phrase was learned by Defendant from an online video game.

    The original video, as described above, was then, allegedly, edited to include sounds of screaming, and police sirens in the background. The edited video was then, allegedly, posted on *Instgram* by Defendant with an added caption reading "ira_seamus Police identified the Youngstown Jewish Family Community shooter as local white nationalist Seamus O'Reardon." That video was also, allegedly, tagged to the Jewish Community Center of Youngstown, Ohio, which would make the same appear on the Community Center's *Instagram* feed.

    After learning of the video the government made officials at the Community Center aware of the same. In fact, there is no allegation that anyone at the Community Center, or otherwise who viewed the same as a threat, were aware of the subject video until the government informed them of the same.

    Around the same time, the government obtained an executed a search warrant for Defendant's resident. Firearms were found during the search including an MP-40 (this is the weapon the government believes was seen in the video), together with an M-16 firearm, and an M-16 pellet gun. A bayonet and a knife (which the government purports to be a "Hitler youth knife) were also found during the search. It is the weapons found, other than that which is seen in the subject video, that are

3

the subject of this motion.

## II.     ARGUMENT

Again, a trial court can prohibit the introduction of evidence if "...its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Fed. R. Evid. 403*. With this standard in mind, the question for the Court here is: does the introduction of the above described weapons fits the definition requiring prohibition from introduction? This question was already answered in the affirmative in *United State v. Goliday* 145Fed.Appx 502 (6th Cir. 2005), as will be further described in the coming paragraphs.

In *Goliday*, the defendant was charged with one count of possession with intent to distribute crack cocaine, and one count of possession with intent to distribute powder cocaine. *Id* at 503. During the trial of his case, the government introduced, over objection, a firearm and bullet proof vest that were seized during a search of Goliday's residence. On appeal, the 6th Circuit began by noting that admitting evidence of firearms is not an abuse of discretion when the firearms are related to the crime charged. *Id* at 506, citing *United States v. Arnott* 704 F.2d 322, 325-26 (6th Cir. 1983). The Court continued to explain that, "...when a defendant is not charged with a firearms violation and a firearm is not relevant to the crimes charged, a district court abuses its discretion in admitting the firearm." *Id*, citing *Brubaker v. United States*, 183 F.2d 894, 898 (6th Cir. 1950) (holding that "the presence of the revolvers in his suitcase had no bearing whatsoever upon the charge of receiving a stolen car").

In this case, Defendant is not charged with a firearm violation. He is charged with using a firearm during a crime, and the defense admits that evidence of that firearm can be admitted. However, the remaining weapons have nothing to do with the crime charged, and were all lawfully owned/possessed by Defendant.

Although not binding on this Court, the Ohio courts have came to a similar conclusion. *See, e.g., State v. Crosby*, 186 Ohio App.3d 453, 2010-Ohio-1584, 928 N.E.2d 795 (8th Dist.) (evidence of another gun the defendant was known to have carried "does not link defendant to the gun used to shoot the victim, and was therefore improperly admitted"); *State v. Robinson*, 7th Dist. Jefferson NO. 05 JE 8, 2007-Ohio-3501 ("Evidence that a person carries a gun is the type of 'other acts' evidence which is generally inadmissible since it portrays the person as a violent individual who regularly carried guns"); *State v. Thomas*, 152 Ohio St.3d 15, 2017-Ohio-8011 (holding that the introduction of ownership of knives not used to kill the victim, although the victim was stabbed to death was only done to "portray [the defendant] as a person of violent character who had acted in conformity with his propensity to kill" and was therefore both highly prejudicial and amounted to reversible error). Likewise, the Coloarado Supreme Court reached the same conclusion that "the fact that a person collects knives or other weapons does not tend to make it more probable that the person is experienced with the use of knives and intends to use a knife to cause a serious injury to others. * * * Possession and use are not equivalent." *Kaufman v. People*, 202 P.3d 542, 555 (Colo. 2009).

Returning to the case at hand, the government is attempting to make this case about the messenger rather than the message by introducing evidence of Defendant's ownership/possession of other weapons. They are attempting to portray Defendant in a violent and negative way, and in a circumstance when the crimes charged do not allege a weapon violation. In fact, there is no allegation that the Community Center was in any way aware of Defendant, or the subject video prior to being shown the same by the government. It is that moment, when the government shown them the video, that the "threat" is complete. The government cannot be allowed to bootstrap subsequent, unrelated, uncharged and prejudicial evidence, of which that alleged victim is/was not aware, to make its case. For all of these reasons, this Court  must issue an Order prohibiting the government from introducing any

evidence of the ownership/possession of any weapons by Defendant other than that which is seen the in subject video.

Respectfully Submitted,                                              Respectfully Submitted,

/s/ Edward A. Czopur                                                 /s/ Ross T. Smith
Edward A. Czopur (0083314)                                           Ross T. Smith (0079786)
DeGenova & Yarood, Ltd.                                              Huntington Bank Bldg.
42 North Phelps St.                                                  26 South Market St., Suite 610
Youngstown, OH 44503                                                 Youngstown, OH 44503
Tele:   330-743-4116                                                 Tele:   330-261-1793
Fax:    330-743-2536                                                 Fax:    800-910-6030
Email: Eddie640@aol.com                                              Email: ross@rosssmithlaw.com
Co-Counsel for Defendant                                             Co-Counsel for Defendant

**CERTIFICATE OF SERVICE**

Notice of the foregoing was provided to all interested parties via the Court's electronic filing and notice system on this 12th day of December, 2019.

    /s/  Ross T. Smith (0079786)

    /s/  Edward A. Czopur (0083314)