IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19CR576 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES P. REARDON, | ) | NOTICE OF INTENT TO INTRODUCE |
| | ) | BUSINESS RECORDS AND RECORDS |
| Defendant. | ) | GENERATED BY AN ELECTRONIC |
| | ) | PROCESS OR SYSTEM WITHOUT |
| | ) | CUSTODIAN OF RECORDS PURSUANT |
| | ) | TO FEDERAL RULES OF EVIDENCE |
| | ) | 902(11) AND 902(13) |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and David M. Toepfer, Assistant United States Attorney, and hereby gives notice to Defendant James Reardon that it intends to introduce business records and records generated by an electronic system or process from Facebook without calling a custodian of records to testify, pursuant to Federal Rules of Evidence 902(11) and 902(13).

Attached hereto as Exhibit A is a certificate of authenticity from Facebook pertaining to records maintained and produced by them, as noted on the attached certification. A complete copy of the records produced by Facebook was provided to Defendant on or about September 30, 2019, with the discovery production by the United States.

As stated in the certificate of authenticity, the records provided by Facebook were recorded automatically by Facebook servers at the time, or reasonably soon thereafter, the information was entered or transmitted by the user.  This data was further kept and maintained by Facebook in the course of its regularly conducted activities, and was made as a regularly conducted activity as a regular practice by Facebook.  The certification further states that Facebook created an exact copy of its records.

Under FRE 902(11), a party may introduce a business record by certification instead of through a witness, so long as the record meets the requirements of FRE 803(6)(A)-(C) as shown by the certification of the custodian or other qualified person.  The proponent must, prior to the trial or hearing, give notice to the adverse party reasonable notice of the intent to offer the records, and make the record and certification available for inspection, to allow the party fair opportunity to challenge them.

Such certificates are not testimonial in nature, and therefore are not barred under the Confrontation Clause of the U.S. Constitution. *United States v. Johnson*, 688 F.3d 494, 504-05 (8th Cir. 2012); *United States v. Yeley-Davis*, 632 F.3d 673, 680-81 (10th Cir. 2011); *United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007); *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005).

As the Seventh Circuit explained in *United States v. Ellis*, 460 F.3d 920 (7th Cir. 2006), an authenticating certificate under Rule 902(11) is "nothing more than the custodian of records ... attesting that the submitted documents are actually records kept in the ordinary course of business" and "merely establish the existence of the procedures necessary to create a business record." *Id*. at 927. It is the underlying record, not the certification, that are introduced to establish facts at trial. The Supreme Court has specifically distinguished affidavits or certificates

authenticating records from other types of affidavits. *Melendez-Diaz v. Massachusettes*, 557 U.S. 305 (2009). In *Melendez-Diaz*, the Court held that an affidavit stating materials seized in connection with a criminal investigation were cocaine was testimonial. *Id*. at 307.  However, responding to the dissent's concern that the holding would eviscerate the usefulness of Rule 902(11), the Court explained that "[a] clerk could by affidavit authenticate or provide a copy of an otherwise admissible record, but could not do what the analysis did here: create a record for the sole purpose of providing evidence against a defendant." *Id*. at 322-23.

                Respectfully submitted,

                JUSTIN E. HERDMAN
                United States Attorney

By:   /s/ David M. Toepfer
                David M. Toepfer
                Assistant United States Attorney
                100 E. Federal Street, City Centre One:
                Suite 325
                Youngstown, OH 44503
                (330) 740-6986/ (330) 746-0239 (Fax)
                David.Toepfer@usdoj.gov