IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 4:19-CR-00576 |
| Plaintiff | ) | |
| | ) | JUDGE: PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | <u>MOTION FOR PRETRIAL RELEASE</u> |
| JAMES REARDON | ) | |
| | ) | |
| Defendant | ) | |

  Now comes the defendant, James Reardon, by and through the undersigned counsel, and hereby moves this Honorable Court for pretrial release.

  For cause, Defendant was first arrested and jailed on August 16, 2019 while the predecessor case to this matter was pending in the Struthers Municipal Court. That matter was dismissed after the Government filed charges in this matter. Defendant has remained incarcerated since his initial arrest for a total, as of the filing of this motion, three-hundred fourteen (314) days.

  Relative to detention, from the onset of this case Pretrial Release has opined that Defendant be released pending trial. That notwithstanding, the Magistrate Judge Ordered detention on September 12, 2019. Defendant appealed that Order to this Court, which denied the same on October 29, 2019. At that time, a trial date was set for January 27, 2020.

  The initial trial date was continued at the request of defense counsel, and was reset to April 21, 2020. Shortly after the continuance to that date occurred, Covid-19 intervened.

  Because of Covid-19, the April trial date was reset to a June trial date, and now to a tentative date of September 28, 2020. Should the September trial date go forward, Defendant will have served a total of four-hundred nine (409) days of incarceration when the trial begins.

  These are strange times indeed. The Covid-19 pandemic has forced the delay of this matter. The

1

same has also compelled both the federal and various state governments to take actions that, otherwise, would not be taken. For example, CNN reported that certain inmates in Florida and New York, that were serving prison terms for crimes of which they were already convicted, were being released due to the pandemic. See, *"Releasing Prisoners During Covid-19 Crises Makes Good Sense,"* https://www.cnn.com/2020/04/20/opinions/covid-19-prosecutors-prison-release-honig/index.html, accessed June 25, 2020. That article points out that the federal government has also made a similar decision in coordination with the Department of Justice, and Bureau of Prisons. (Id).

In a similar article published by Fox News on April 16, 2020, as of that date more than sixteen-thousand (16,000) inmates had been released from incarceration due to the pandemic. See, *"Over 16k US inmates have been released as coronavirus crisis has progressed,"* https://www.foxnews.com/us/here-is-how-many-prisoners-have-been-released-covid-19, accessed June 25, 2020. It should be noted that in both the CNN and Fox articles it is made clear that a majority of those released were convicted of non-violent offenses. However, that is not exclusive to release, and again, occurred only among those already convicted.

Perhaps even more shocking, as this Court is aware, has been the widespread postponement of the Sixth Amendment right to speedy trial. Both the federal courts, and various state courts have suspended this Constitutional guarantee due to the virus. Whereas Defendant here has waived his speedy trial rights, the length of the continuances of this matter have been impacted by the pandemic in a way that has not been seen before.

Returning to the issue of detention, pretrial detention is authorized "only upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute." *United States v. Butler*, 165 F.R.D. 68, 71 (N.D. Ohio 1996) (quoting *United States v. Himler*, 797 F.2d 156, 160 (3d Cir. 1986) and citing *United States v.*

*Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988)). None of these factors applies to this case. Assuming, *arguendo*, that recidivism is a concern, that concern could be alleviated through house arrest or other reporting requirements.

Based on the foregoing, and in light of the Covid-19 pandemic and its impact on this case, Defendant respectfully requests that he be granted pretrial release.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ Edward A. Czopur (0083314) | /s/ Ross T. Smith (0079786) |
| Edward A. Czopur (0083314) | Ross T. Smith (0079786) |
| DeGenova & Yarood, Ltd. | Huntington Bank Bldg. |
| 42 North Phelps St. | 26 South Market St., Suite 610 |
| Youngstown, OH 44503 | Youngstown, OH 44503 |
| Tele:   330-743-4116 | Tele:   330-261-1793 |
| Fax:    330-743-2536 | Fax:    800-910-6030 |
| Email: Eddie640@aol.com | Email: ross@rosssmithlaw.com |
| Co-Counsel for Defendant | Co-Counsel for Defendant |

**CERTIFICATE OF SERVICE**

Notice of the foregoing was provided to all interested parties via the Court's electronic filing and notice system on this 25th day of June, 2020.

/s/ Ross T. Smith (0079786)

/s/ Edward A. Czopur (0083314)