IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 4:19CR576 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES REARDON, | ) | RESPONSE IN OPPOSITION |
| | ) | DEFENDANT'S MOTION FOR |
| Defendant. | ) | PRETRIAL RELEASE |
| | ) | |

Now comes the United States of America, by and through the undersigned counsel and respectfully submits the following Response to Defendant's Motion for Pretrial Release (R. 45). For the reasons stated herein, the United States of America requests that this Court deny Defendant's Motion.

I. **PROCEDURAL HISTORY**

On August 19, 2019, the United States charged Defendant James Reardon ("Reardon") by way of a complaint with Transmitting Threatening Communications via Interstate Commerce, in violation of 18 U.S.C. § 875(c). (R. 1: Complaint).

On September 12, 2019, Magistrate Judge Limbert held a detention hearing, after which he ordered Reardon detained pending trial on the ground that no conditions of release would ensure the safety of the community. (R, 16: Detention Order).

On September 26, 2019, a grand jury returned an indictment charging Reardon with one count of Transmitting Threatening Communications via Interstate Commerce, in violation of 18 U.S.C. § 875(c), and an additional count of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c). R. 20: Indictment).

Reardon subsequently filed an objection to Magistrate Judge Limbert's Order of detention. (R. 23: Appeal from and Objections). The Court overruled the objections, finding that Reardon failed "to rebut the applicable presumption of detention which arose after he was indicted with the § 924(c) violation." (R. 27: Order, PageID 152). The Court also found "consideration of the § 3142 factors warrant detention." Id.

Since then, Reardon filed a motion for pretrial release "in light of the COVID-19 pandemic and its impact on this case." (R. 45: Motion for Pretrial Release).

II. **ARGUMENT**

A detention hearing may be reopened only after a "judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). One factor the court may consider is Defendant's "physical and mental health." 18 U.S.C. § 3142(g)(3)(A). The "physical and mental health" clause does not contain a provision for speculative or possible future conditions. Id. Notwithstanding the COVID-19 outbreak, this factor does not weigh heavily, if at all, in favor of Defendant's release. Defendant does not

2

allege that he has COVID-19 symptoms. In this way, he is not seeking release based on his *actual* "physical and mental health." Instead, he relies solely on the *possibility* of becoming infected.

Furthermore, Defendant does not discuss this Court's findings that the nature and circumstances of the case weigh "in favor of detention given the seriousness of and violent nature of the offense." (R. 27: Order, PageID 152). In particular, the Court noted that the evidence in the case demonstrates Reardon's "willingness to use force in support of his white supremacist beliefs" and increased "likelihood that he would carry out a violent act like the one threatened in the video." Id. Finally, the Court found that "the nature and seriousness of the danger posed by the defendant's release warrants detention given the risk of the safety to the Jewish community in Youngstown, Ohio." Id. None of these circumstances have changed.

Neither has Defendant alleged a change in his circumstances. Instead, Defendant cites only the potential health risks posed by COVID-19 to him personally. Because Defendant has failed to cite any relevant change in his personal circumstances that would affect this Court's determination that he is a danger to the community, it is not proper to reopen the issue of detention at this time.

### A. RELEASING DEFENDANT WOULD PLACE AN UNDUE BURDEN ON PROBATION AND PRETRIAL SERVICES OFFICERS

Defendant has asked to be released on a combination of conditions that would allow him to be released into the community. While he argues that doing so will reduce his risk of contracting COVID-19, Defendant fails to acknowledge the increased risk his release could pose to Probation and Pretrial Services Officers. A supervising officer will have to conduct an intake interview and make at least one in-person home visit. If released on electronically monitored house arrest, the supervising officer will be required to have close physical contact with

3

Defendant in order to attach an ankle monitor and make more frequent in-person home visits in order to monitor Defendant's release. This will require them to enter the community and have regular interactions with the Defendant and others at a time when "The Centers for Disease Control and Prevention and other public health authorities have advised the taking of precautions to reduce the possibility of exposure to the virus and slow the spread of the disease." Amended General Order 2020-05-1, In re: CORONAVIRUS (COVID-19) PUBLIC EMERGENCY (amending General Order 2020-05 on March 23, 2020). There is no reason to believe releasing Defendant would reduce his exposure to COVID-19. His release *would*, however, increase the exposure of supervising officers to COVID-19.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's motion and order his continued detention pending trial.

                                                Respectfully submitted,

                                                JUSTIN E. HERDMAN
                                                United States Attorney

By:   David M. Toepfer
       David M. Toepfer (OH: 0068008)
       Assistant United States Attorney
       100 E. Federal Street, City Centre One;
       Suite 325
       Youngstown, OH 44503
       (330) 740-6986
       (330) 746-0239 (facsimile)
       David.Toepfer@usdoj.gov